UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TUCK'S RESTAURANT AND BAR, ET AL.,

    Plaintiff,

vs.

KATHARINE ELLIOTT, ET AL.,

    Defendant(s).

NO. **2:20−CV−02256−KJM−CKD**

STANDING SCHEDULING ORDER

CIVIL CASES

**READ THIS ORDER CAREFULLY. IT PROVIDES GENERAL PROCEDURES CONTROLLING THIS CASE AND MAY DIFFER IN SOME RESPECTS FROM THE LOCAL RULES.**

    This action has been assigned to Judge Kimberly J. Mueller. Both the court and the attorneys bear responsibility for the progress of litigation in the federal courts. To secure the just, speedy, and inexpensive determination of every action, Fed. R. Civ. P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and Local Rules of the Eastern District of California, as well as this order.

    IT IS HEREBY ORDERED:

**1.     ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS**

    Except as may be provided in the court's Bench Order after the Initial Scheduling Conference, no further joinder of parties or amendments to pleadings is permitted without leave of court, good cause

having been shown. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

**2.    DISCOVERY GENERALLY**

(A)    Discovery matters that do not implicate the schedule of the case or that do not relate to sealing or redaction of documents related to dispositive motions are referred to the assigned United States Magistrate Judge, who will hear all discovery disputes subject to his or her procedures.  (The Magistrate Judge's initials follow the Judge's initials next to the case number.)  All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing.  Please do not direct courtesy copies of these documents to this court.

The decision of the Magistrate Judge shall be final, subject to modification by the district court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.  Any party may file and serve a motion for review and reconsideration before this court.  *See* Local Rule 303(c).  The moving party must file and serve the motion within fourteen (14) days of service of a written ruling or within fourteen (14) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling.  The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities.

(B)    Unless there is a likelihood that upon motion by a party the court would order that any or all discovery is premature, it is advisable for counsel to begin to conduct discovery actively before the Initial Scheduling Conference.  At the very least, the parties shall comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and obtain and produce most if not all of what they would produce in the early stages of discovery.  The court's Bench Order at the Initial Scheduling Conference sets firm deadlines for the completion of discovery.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the Magistrate Judge's calendar in accordance with the local rules of this court and the Magistrate Judge's own procedures. While the assigned Magistrate Judge reviews proposed discovery phase protective orders, requests

to seal or redact in connection with dispositive motions or trial are decided by Judge Mueller as discussed in more detail below. In addition, while the assigned Magistrate Judge handles discovery motions, the Magistrate Judge cannot change the schedule set in this order, except that the Magistrate Judge may modify a discovery cutoff to the extent such modification does not have the effect of requiring a change to the balance of the schedule.

**3.     EXPERT WITNESSES**

All counsel are to designate in writing and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial, according to the schedule set forth in the Bench Order after the Initial Scheduling Conference. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B). Any party who previously disclosed expert witnesses may submit a rebuttal list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party rebutting an expert witness designation has not previously retained an expert to testify on that subject. The rebuttal designation shall be accompanied by a written report, which shall also comply with the conditions stated above.

Failure of a party to comply with the disclosure schedule as set forth in the Bench Order after the Initial Scheduling Conference in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of discovery an "expert" is any person who may be used at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence, which includes both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation). A party shall

/////

identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give the bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

**4.     ELECTRONIC FILING**

The United States District Court for the Eastern District of California requires electronic filing of documents in all new and pending civil cases in which parties are represented by counsel. A party proceeding without counsel may request authorization to file electronically. Information about the court's Electronic Case Filing system ("ECF") is available on the court's website at www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing. *See also* Local Rule 133.

All manually filed documents (those documents excused from the electronic filing requirements by the Local Rules) shall be served as otherwise required by the Federal Rules of Civil Procedure or Local Rule 133.

**5.     MOTIONS; MEET AND CONFER REQUIREMENTS; YOUNG ATTORNEYS**

**A.     Time For Filing And Hearing Motions; Meet and Confer Requirement**

Motions shall be filed in accordance with Local Rule 230 and this order. This court generally hears motions on designated Fridays, **commencing at 10:00 a.m.** Available dates are listed on Judge Mueller's homepage of the court's website. **No supplemental brief shall be filed without prior leave of court.**

All purely legal issues are to be resolved by timely pretrial motions. Local Rule 230 governs the calendaring and procedures of civil motions; the following provisions also apply:

(a)     The opposition and reply must be filed by 4:00 p.m. on the day due.

(b)     When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday. Failure to comply with Local

1    Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose

2    of the motion summarily. *Brydges v. Lewis,* 18 F.3d 651, 652–53 (9th Cir. 1994).

3          (c)    Prior to filing a motion in a case in which the parties are represented by counsel, counsel

4    shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated

5    motion and any potential resolution. Plaintiff's counsel should carefully evaluate the defendant's

6    contentions as to deficiencies in the complaint and in many instances the party considering a motion

7    should agree to any amendment that would cure a curable defect. Counsel should discuss the issues

8    sufficiently so that if a motion of any kind is filed, including for summary judgment, the briefing is directed

9    only to those substantive issues requiring resolution by the court. Counsel should resolve minor

10   procedural or other non-substantive matters during the meet and confer. **A notice of motion shall**

11   **contain a certification by counsel filing the motion that meet and confer efforts have been**

12   **exhausted, with a brief summary of meet and confer efforts.**

13         (d)    Notices of motions shall also disclose the status of any settlement discussions. Thereafter,

14   counsel shall provide an update on the status of settlement discussions whenever counsel files a motion,

15   opposition, or reply, noting whether any of the parties are actively engaged in settlement discussions

16   that may lead to a request to continue or vacate a noticed hearing date. The parties must make a request

17   to continue or vacate immediately upon realizing they seek a continuance, and no later than two weeks

18   before the hearing. The court will not entertain any later requests unless they are supported by verified

19   extraordinary circumstances. The court requires this information to more efficiently allocate its limited

20   time and judicial resources. **Failure to update the court on settlement discussions and provide at**

21   **least two weeks' advance notice of a request to vacate or continue a hearing may result in**

22   **sanctions, including monetary sanctions.**

23         **(e)    The parties are cautioned that failure to raise a dispositive legal issue that could**

24   **have been tendered to the court by proper pretrial motion prior to the dispositive motion**

25   **cut-off date may constitute waiver of such issue.** *See Shewbridge v. El Dorado Irrigation Dist.,*

26   No. CIV S–05–0740 FCD EFB, 2007 WL 1294392, at *3 (E.D. Cal. Apr. 30, 2007) (citing *North*

27   *Pacifica, LLC v. City of Pacifica,* 366 F.Supp.2d 927, 930 (N.D. Cal. 2005) (finding defendant,

28   who raised res judicata defense for the first time at trial's damages phase, waived defense).

**B. Length And Format Of Motion Papers**

Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed twenty (20) pages. Replies shall not exceed ten (10) pages. Only in rare instances and for good cause shown will the court grant an application to extend these page limitations. All requests for page limit increases must be made in writing at least fourteen (14) days prior to the filing of the motion.

If Times New Roman font is used, the size must be no less than 12; if Courier is used, the size must be no less than 10. Footnotes shall be in typeface no more than one size smaller than text size and shall be used sparingly.

Pagination of exhibits: Multi-page exhibits shall be internally paginated, with the pagination for each exhibit beginning with the number one; references to those exhibits shall refer to the exhibit designation and page number, i.e., Ex. A at 7; Ex. B at 1, etc.

Counsel are encouraged to submit motions and supporting documents in a format susceptible to electronic searches, for example by optical character recognition (OCR) or imbedded hyperlinks to commercial databases such as Westlaw or Lexis Nexis.

**C. Citations**

Counsel are reminded that the basic purpose of a legal citation is to allow the reader to locate a cited source accurately and efficiently. Citations to case law shall identify the case being cited, and the specific page being referenced. Certain kinds of authority are considered more useful, or authoritative, than others. If more than one authority is cited in support of a proposition, these supporting authorities are to be listed such that the more authoritative appears first. Statutory references should identify, with specificity, which sections and subsections are being referenced (e.g., 42 U.S.C. § 1983). Statutory references that do not indicate specifically which section and subsection are being referenced (e.g., 18 U.S.C. § 2511, *et seq.*) are to be avoided. Citations to treatises, manuals, and other materials should similarly include the volume and the section being referenced.

**D. Young Attorneys**

The court values the importance of training young attorneys. The parties are encouraged to consider assigning oral argument to a young attorney. If a written request for oral argument is filed before a hearing, stating an attorney of four or fewer years out of law school will present the oral argument, then

the court will ordinarily hold the hearing, although the court's schedule and calendar may require the hearing to be reset. Otherwise, the court may find it appropriate in some actions to submit a motion without oral argument.

### E. Requests for Remote Appearances

Any requests to appear remotely at a hearing on a noticed motion under Local Rule 174 must be in writing and must be filed **no later than seven calendar days in advance of the noticed hearing date.** There will be no hybrid appearances; all persons appearing in a single case muse appear by the same format.

### 6. PROPOSED ORDERS: LIMITATIONS AND PROCEDURES

The court generally discourages parties from submitting proposed substantive orders, except with respect to consent decrees and findings of fact or if directed by the court. If the court directs the filing of a proposed order, the order should be submitted in word processable form via email to: kjmorders@caed.uscourts.gov.

### 7. EX PARTE APPLICATIONS GENERALLY

Ex parte applications typically are not heard, but are submitted by the court unless otherwise notified. The filer is required to contact the courtroom deputy and the opposing party prior to the filing of the ex parte application in order to advise that such request is being made. In addition, the document(s) must indicate whether or not an opposition will be filed. The filer shall include an affidavit indicating a satisfactory explanation for the following: (1) the need for the issuance of such an order, (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, and (3) why such request cannot be noticed on the court's motion calendar as provided by Local Rule 230.

### 8. TROs AND INJUNCTIONS

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 230. The court typically will not rule on any application for such relief for at least twenty-four (24) hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim.

/////

**9. APPLICATIONS OR STIPULATIONS TO EXTEND THE TIME TO FILE ANY REQUIRED DOCUMENT OR TO CONTINUE ANY PRETRIAL OR TRIAL DATE**

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, no stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the court approves them. Agreement of the parties by stipulation alone does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause. As noted, the assigned Magistrate Judge is authorized to modify only the discovery dates to the extent any such modification does not impact the balance of the schedule of the case. Both applications and stipulations must be filed well in advance of the date due and set forth:

(A) the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the pre-trial conference date and the trial date;

(B) specific, concrete reasons supporting good cause for granting the extension. In this regard, a statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing negotiations, i.e., have written proposals been exchanged? Is counsel in the process of reviewing a draft settlement agreement? Has a mediator been selected?; and

(C) whether there have been prior requests for extensions, and whether these were granted or denied by the court.

**10. FURTHER SCHEDULING**

The court will set a Final Pretrial Conference date after the resolution of any dispositive motions, or passage of the dispositive motion cutoff, with a trial date being determined at the pretrial conference. The parties should be prepared to confirm a trial date within 60 to 120 days from the date of the final pretrial conference, and should be available for trial accordingly.

**11. SETTLEMENT CONFERENCE**

A Settlement Conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request, if not ordered at the Initial Scheduling Conference. In the event that an earlier court settlement conference date or referral to the Voluntary Dispute Resolution Program (VDRP) is requested, the parties shall file said request jointly, in writing.

/////

Counsel are instructed to have a principal with full settlement authority present at any Settlement Conference or to be fully authorized to settle the matter on any terms. Each judge has different order requirements for the submission of settlement conference statements; the appropriate instructions will be sent to you after the settlement judge is assigned.

**12.     CASES REMOVED FROM STATE COURT**

All documents filed in state court, including documents appended to the complaint, answers and motions, must be refiled in this court as a supplement to the Notice of Removal. *See* 28 U.S.C. § 1447(a), (b). If the defendant has not yet responded, the answer or responsive pleading filed in this court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District. If a motion was pending in state court before the case was removed, it must be re-noticed in accordance with Local Rule 230.

**13.     SEALING AND PROTECTIVE ORDERS**

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court. If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Mueller, the request to seal or redact should be directed to her and not the assigned Magistrate Judge. All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase shall not govern the filing of sealed or redacted documents on the public docket. **The court will only consider requests to seal or redact filed by the proponent of sealing or redaction.** This means that if a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the opposing party to seek an order of sealing or redaction from the court.

**14.     COMMUNICATIONS WITH CHAMBERS**

Counsel shall not attempt to contact the court or its chambers staff by telephone or by any other ex parte means, although counsel may contact the Courtroom Deputy with appropriate inquiries. To facilitate communication with the Courtroom Deputy, counsel should list their facsimile transmission numbers along with their telephone numbers and e-mail addresses on papers filed with the court.

/////

**15. NOTICE OF THIS ORDER**

Counsel for plaintiff shall immediately serve this order on all parties, including any new parties added to the action in the future, unless this case came to the court by noticed removal, in which case defendant shall serve this order on all other parties.

IT IS SO ORDERED.

DATED: January 27, 2023

_____
CHIEF UNITED STATES DISTRICT JUDGE