Deborah J. Fox (SBN: 110929)
dfox@meyersnave.com
David Mehretu (SBN:  269398)
dmehretu@meyersnave.com
Catherine L. Carlisle (SBN: 298316)
ccarlisle@meyersnave.com
MEYERS NAVE
555 Capitol Mall, Suite 1200
Sacramento, California 95814
Telephone: (916) 556-1531
Facsimile: (916) 556-1516

Attorneys for Defendants
NEVADA COUNTY and KATHARINE
ELLIOTT

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| TUCK'S RESTAURANT AND BAR, a California corporation, KENNETH R. PAIGE; CHAD PAIGE; BUCKMAN ENTERPRISES, LLC, a California limited liability company; ROBIN BUCKMAN; and THE NEVADA COUNTY RESTAURANT COALITION, an unincorporated membership association, | Case No. 2:20-cv-02256-KJM-CKD **NEVADA COUNTY DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |
| Plaintiffs, | Judge:     Hon. Kimberly J. Mueller |
| v. | Crtrm:       3 |
| NEVADA COUNTY, CALIFORNIA; KATHARINE ELLIOTT; and DOES 1-10 inclusive, | Trial Date:  None Set |
| Defendants. | |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants Nevada County and Katharine Elliott (collectively, the "County Defendants") hereby answer the First Amended Complaint (the "Amended Complaint") of Plaintiffs Tuck's Restaurant and Bar, Kenneth R. Paige, Chad Paige, Buckman Enterprises, LLC, Robin Buckman, and The Nevada County Restaurant Coalition (collectively, "Plaintiffs"). If an allegation is not specifically admitted, it is hereby denied.

## ANSWER TO COMPLAINT

### JURISDICTION

1. The County Defendants admit that Plaintiffs assert a claim pursuant to 42 U.S.C. § 1983 in this action. The County Defendants deny that Plaintiffs have any factual or legal basis to support this claim. The allegations of the second through fourth sentences of this Paragraph are legal conclusions as to which no response is required. To the extent a response is deemed required, the County Defendants admit that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The County Defendants deny that this action is subject to 28 U.S.C. § 1337. The County Defendants deny that declaratory or injunctive relief is authorized in this action. The County Defendants state that the Court previously dismissed Plaintiffs' injunctive and declaratory relief claims as moot in its October 4, 2022 Order on the County Defendants' Motion to Dismiss Plaintiffs' original Complaint. The County Defendants deny each and every remaining allegation of this Paragraph.

2. The allegations of this Paragraph are legal conclusions as to which no response is required. To the extent a response is deemed required, the County Defendants admit that venue is proper in this Court because the County Defendants are located in this judicial District, and the actions at issue in this action allegedly occurred in this District. The County Defendants deny each and every remaining allegation of this Paragraph.

### PARTIES

4. The County Defendants admit that Plaintiff Kenneth Paige, the Rule 30(b)(6) representative for Plaintiff Tuck's Restaurant and Bar ("Tuck's Restaurant"), testified in this action that Tuck's Restaurant and Bar is a California corporation doing business as Friar Tuck's

1  Restaurant and Bar, and that Tuck's Restaurant provides dining and bar services to customers

2  from a location in Nevada City, Nevada County, California, and provided such services during the

3  time period at issue in this action.  The County Defendants deny each and every remaining

4  allegation of this Paragraph.[1]

5      5.      The County Defendants admit that Plaintiffs Kenneth Paige and Chad Paige

6  testified in this action that they are both owners of Tuck's Restaurant and Bar.  The County

7  Defendants lack sufficient information or belief to admit or deny the remaining allegations in this

8  Paragraph, and on that basis deny these allegations.

9      6.      The County Defendants admit that Plaintiff Robin Buckman, the Rule 30(b)(6)

10  representative for Plaintiff Buckman Enterprises, LLC ("Old Town Café"), testified in this action

11  that during the time period at issue in this action, Buckman Enterprises, LLC was a limited

12  liability company operating under the name Old Town Café, which provided dining services to

13  customers, but that the limited liability company has since been dissolved.  The County

14  Defendants admit that Old Town Café was located in Grass Valley, Nevada County, California.

15  The County Defendants lack sufficient information or belief to admit or deny the remaining

16  allegations in this Paragraph, and on that basis deny these allegations.

17      7.      The County Defendants admit that Plaintiff Robin Buckman testified in this action

18  that during the time period at issue in this action, he was a member of Buckman Enterprises, LLC,

19  but that the limited liability company has since been dissolved.  The County Defendants lack

20  sufficient information or belief to admit or deny the remaining allegations in this Paragraph, and

21  on that basis deny these allegations.

22      8.      The County Defendants admit that Plaintiff Kenneth Paige, the Rule 30(b)(6)

23  representative for Plaintiff Nevada County Restaurant Coalition (the "Coalition"), testified in this

24  action that during the time period at issue in this action, the Coalition was an organization of

25  restaurant owners.  The County Defendants lack sufficient information or belief to admit or deny

26  _____

27  [1] In responding to this First Amended Complaint, the County Defendants are using the paragraph numbering employed by plaintiffs and call out that there is no numbered paragraph 3 which has

28  been intentionally omitted here.

the remaining allegations in of this Paragraph, and on that basis deny these allegations.

9.  The County Defendants admit the allegations of this Paragraph.

10.  The County Defendants admit that during the time period at issue in this action, Defendant Katharine Elliott served as County Counsel for Nevada County.  The County Defendants admit that Plaintiffs have named County Counsel Katharine Elliott in this action in her personal and official capacities.  The County Defendants deny each and every remaining allegation of this Paragraph.

**PANDEMIC RESTRICTIONS**

11.  The County Defendants admit that on or about March 4, 2020 California Governor Gavin Newsom issued a "Proclamation of a State of Emergency."  To the extent the allegations of this Paragraph seek to paraphrase or characterize that document, the document speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited document.  The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited document.  The County Defendants deny each and every remaining allegation of this Paragraph.

12.  The County Defendants admit that on or about March 19, 2020, Governor Newsom issued Executive Order N-33-20.  To the extent the allegations of this Paragraph seek to paraphrase or characterize that document, the document speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited document.  The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited document.  The County Defendants deny each and every remaining allegation of this Paragraph.

13.  The County Defendants admit that on or about March 19, 2020, California State Public Health Officer and Director Sonia Y. Angell issued an "Order of the State Public Health Officer."  To the extent the allegations of this Paragraph seek to paraphrase or characterize that document, the document speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited document.  The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the

language of the cited document.  The County Defendants deny each and every remaining allegation of this Paragraph.

14.     The County Defendants admit that the March 19, 2020 "Order of the State Public Health Officer" applied to Tuck's Restaurant and Old Town Café.  To the extent the allegations of this Paragraph seek to paraphrase or characterize that document, the document speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited document.  The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited document.  The County Defendants lack sufficient information or belief to admit or deny the allegations in the last sentence of this Paragraph, and on that basis deny them.  The County Defendants deny each and every remaining allegation of this Paragraph.

15.     The County Defendants admit that Plaintiff Kenneth Paige, the Rule 30(b)(6) representative for Plaintiff Tuck's Restaurant, testified in this action that Tuck's Restaurant is located in Nevada City.  The County Defendants lack sufficient information or belief to admit or deny the remaining allegations in this Paragraph, and on that basis deny these allegations.

16.     The County Defendants admit that Plaintiff Robin Buckman, the Rule 30(b)(6) representative for Plaintiff Old Town Café, testified in this action that during the time period at issue in this action, Old Town Café offered dining services, including breakfast and lunch and dinner on occasion.  The County Defendants lack sufficient information or belief to admit or deny the remaining allegations of this Paragraph, and on that basis deny these allegations.

17.     The County Defendants lack sufficient information or belief to admit or deny the allegations of this Paragraph, and on that basis deny these allegations.

18.     The County Defendants admit that on or about May 4, 2020, Governor Newsom issued Executive Order N-60-20.  To the extent the allegations of this Paragraph seek to paraphrase or characterize that document, the document speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited document.  The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited document.  The County Defendants deny

each and every remaining allegation of this Paragraph.

19.     The County Defendants admit that on or about May 7, 2020, California State Public Health Officer and Director Sonia Y. Angell issued an "Order of the State Public Health Officer." To the extent the allegations of this Paragraph seek to paraphrase or characterize that document, the document speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited document. The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited document. The County Defendants deny each and every remaining allegation of this Paragraph.

20.     To the extent the allegations of this Paragraph seek to paraphrase or characterize the May 7, 2020 "Order of the State Public Health Officer," the document speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited document. The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited document. The County Defendants deny each and every remaining allegation of this Paragraph.

21.     The County Defendants admit that Kenneth Paige, the Rule 30(b)(6) representative for Tuck's Restaurant, testified in this action that Tuck's Restaurant resumed indoor dining services in May 2020. The County Defendants admit that Plaintiff Robin Buckman, the Rule 30(b)(6) representative for Old Town Café, testified in this action that Old Town Café resumed indoor dining services in May 2020. The County Defendants deny each and every remaining allegation of this Paragraph.

22.     The County Defendants admit that on or about July 13, 2020, California State Public Health Officer and Director Sonia Y. Angell issued a "Statewide Public Health Officer Order." To the extent the allegations of this Paragraph seek to paraphrase or characterize that document, the document speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited document. The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited document. The County Defendants deny each and every remaining

allegation of this Paragraph.

23.     The County Defendants admit that on or about August 28, 2020, California State Public Health Officer and Director Sonia Y. Angell issued a "Statewide Public Health Officer Order."  To the extent the allegations of this Paragraph seek to paraphrase or characterize that document and/or a September 30, 2020 modification thereto, these documents speak for themselves and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited documents.  The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited documents.  The County Defendants deny each and every remaining allegation of this Paragraph.

24.     To the extent the allegations of this Paragraph seek to paraphrase or characterize the August 28, 2020 "Statewide Public Health Officer Order," the document speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited document.  The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited document.  The County Defendants deny each and every remaining allegation of this Paragraph.

## NEVADA COUNTY'S ENFORCEMENT
## OF STATE AND COUNTY PUBLIC HEALTH ORDERS

25.     The County Defendants admit that on or about March 4, 2020, the Nevada County Director of Emergency Services declared a local emergency.  To the extent the allegations of this Paragraph seek to paraphrase or characterize that declaration, the declaration speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited declaration.  The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited declaration.  The County Defendants deny each and every remaining allegation of this Paragraph.

26.     The County Defendants admit that on or about March 5, 2020, Nevada County Public Health Officer Ken Cutler issued a "Declaration of Local Health Emergency."  To the extent the allegations of this Paragraph seek to paraphrase or characterize that document, the document speaks for itself and the County Defendants deny the allegations to the extent they go

beyond or are inconsistent with the language of the cited document. The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited document. The County Defendants deny each and every remaining allegation of this Paragraph.

27. The County Defendants admit that on or about March 10, 2020, the Board of Supervisors of Nevada County enacted Resolution 20-062. To the extent the allegations of this Paragraph seek to paraphrase or characterize that document, the document speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited document. The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited document. The County Defendants deny each and every remaining allegation of this Paragraph.

28. The County Defendants admit that on or about March 24, 2020, Nevada County Public Health Officer Ken Cutler issued an Order regarding "Clarification of Governor's and State Health Officer's 'Stay-at-Home' Order as Related to Lodging Facilities." To the extent the allegations of this Paragraph seek to paraphrase or characterize that document, the document speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited document. The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited document. The County Defendants admit that the March 24, 2020 Order was amended on May 21, 2020. The County Defendants deny each and every remaining allegation of this Paragraph.

29. The County Defendants admit that on or about April 15, 2020, Nevada County Health Officer Ken Cutler issued an "Order of the Nevada County Public Health Officer." To the extent the allegations of this Paragraph seek to paraphrase or characterize that document, the document speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited document. The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited document. The County Defendants admit that the April 15, 2020 Order was amended on April 27, 2020. The County Defendants deny each and every remaining allegation of this

Paragraph.

30.     The County Defendants admit that on or about October 1, 2020, the Nevada County Public Health Department issued a document entitled "COVID-19 FAQs Regarding Live Performances at Restaurants and Bars." To the extent the allegations of this Paragraph seek to paraphrase or characterize that document, the document speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited document. The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited document. The County Defendants deny each and every remaining allegation of this Paragraph.

31.     The County Defendants admit that Nevada County followed and enforced the public health orders and guidance issued by the State of California as well as those issued by Nevada County (the "County Public Health Orders"), and that the County Public Health Orders were adopted by Nevada County.. The County Defendants deny each and every remaining allegation of this Paragraph.

32.     The County Defendants admit that on July 21, 2020, Nevada County issued both Tuck's Restaurant and Old Town Café Notices of Violation and closure orders due to the restaurants' repeated violations of the Public Health Orders. To the extent the allegations of this Paragraph seek to paraphrase or characterize these documents, the documents speak for themselves and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited documents. The County Defendants admit the allegations of this Paragraph to the extent they are consistent with the language of the cited documents. The County Defendants deny each and every remaining allegation of this Paragraph.

33.     The County Defendants lack sufficient information or belief to admit or deny the allegations in this Paragraph, and on that basis deny these allegations.

34.     The County Defendants admit that Nevada County issued closure orders and imposed fines on Plaintiffs Tuck's Restaurant and Old Town Café due to the restaurants' repeated violations of the Public Health Orders. The County Defendants state that Tuck's Restaurant and Old Town Café did not pay any of the fines imposed by Nevada County. The County Defendants

admit that Plaintiffs Ken Paige and Robin Buckman, the Rule 30(b)(6) representatives for Tuck's Restaurant and Old Town Café, respectively, testified in this action that they organized the Coalition after August 3, 2020.

35.     The County Defendants admit that on August 3, 2020, County Counsel Katharine Elliott and Nevada County Director of Environmental Health Amy Irani met with Plaintiffs Ken Paige, Chad Paige, and Robin Buckman; along with Ken Paige's wife Donna Paige, and Robin Buckman's wife Lisa Buckman; as well as Steven Bailey, the attorney for the restaurant owners. The County Defendants deny each and every remaining allegation of this Paragraph.

36.     The County Defendants deny each and every allegation of this Paragraph.

37.     The County Defendants deny each and every allegation of this Paragraph.

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983-First Amendment)

38.     The County Defendants incorporate by reference, as though fully set forth herein, each and every response made in this Answer to the paragraphs incorporated by reference in this Paragraph.

39.     To the extent the allegations of this Paragraph seek to paraphrase or characterize the First Amendment to the United States Constitution, that provision speaks for itself and the County Defendants deny the allegations to the extent they go beyond or are inconsistent with the language of the cited provision.  The County Defendants deny each and every remaining allegation of this Paragraph.

40.     The County Defendants deny each and every allegation of this Paragraph.

41.     The County Defendants deny each and every allegation of this Paragraph.

42.     The County Defendants deny each and every allegation of this Paragraph.  The County Defendants state that Tuck's Restaurant and Old Town Café did not pay any of the fines imposed by Nevada County for the restaurants' failure to comply with the Public Health Orders.

43.     The County Defendants deny each and every allegation of this Paragraph.  The County Defendants state that Tuck's Restaurant and Old Town Café did not pay any of the fines imposed by Nevada County for the restaurants' failure to comply with the Public Health Orders.

44.     The County Defendants deny each and every allegation of this Paragraph.

45.     The County Defendants deny each and every allegation of this Paragraph.

### PRAYER

The County Defendants deny all of the allegations in the Prayer for Relief.  The County Defendants deny that Plaintiffs have any factual or legal basis to support their requested relief. The County Defendants state that this Court previously dismissed Plaintiffs' punitive damages claims in its January 27, 2020 Minute Order on the County Defendants' Motion to Dismiss in Part Plaintiffs' First Amended Complaint.  The County Defendants request that this Court deny all relief sought by Plaintiffs and rule in favor of the County Defendants.

### JURY DEMAND

The County Defendants admit that Plaintiffs demand a trial by jury.

### AFFIRMATIVE DEFENSES

The County Defendants plead the following separate affirmative defenses.  The County Defendants reserve the right to assert additional affirmative defenses where proper.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.     As a separate and first affirmative defense to the Amended Complaint, and to the purported causes of action set forth therein, the County Defendants allege that the Amended Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

#### (Qualified Immunity)

2.     As a separate and second affirmative defense to the Amended Complaint and each purported cause of action contained therein, the County Defendants allege that County Counsel Katherine Elliott is entitled to qualified immunity.

/ / /

/ / /

/ / /

/ / /

## THIRD AFFIRMATIVE DEFENSE

### (Mootness)

3.  As a separate and third affirmative defense to the Amended Complaint and each purported cause of action contained therein, the County Defendants allege that the actions complained of are not likely to recur.

## FOURTH AFFIRMATIVE DEFENSE

### (Proximate Cause – Plaintiffs)

4.  As a separate and fourth affirmative defense to the Amended Complaint and each purported cause of action contained therein, the County Defendants allege that the injuries and damages alleged in the Amended Complaint by Plaintiffs occurred, were proximately caused by and/or were contributed to by Plaintiffs' own acts or failures to act and that Plaintiffs' recovery, if any, should be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged injury or damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

5.  As a separate and fifth affirmative defense to the Amended Complaint and each purported cause of action contained therein, the County Defendants allege that Plaintiffs, and/or the persons and/or entities acting on Plaintiffs' behalf, assumed the risk of all conduct of the Plaintiffs or their agents.

## SIXTH AFFIRMATIVE DEFENSE

### (Compliance with the Law)

6.  As a separate and sixth affirmative defense to the Amended Complaint and each purported cause of action contained therein, the County Defendants allege that the actions taken by the County Defendants were in full compliance with the law.

/ / /

/ / /

/ / /

/ / /

**SEVENTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

7.     As a separate and seventh affirmative defense to the Amended Complaint and each purported cause of action contained therein, the County Defendants allege that Plaintiffs' damages, if any, were caused by the primary negligence and/or acquiescence in the acts and omissions alleged in the Amended Complaint by the Plaintiffs, and Plaintiffs' agents, employees, representatives, relatives, heirs, assigns, attorneys, and/or any others acting on Plaintiffs' behalf. By reason thereof, Plaintiffs are not entitled to damages or any other relief whatsoever as against the County Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

8.     As a separate and eighth affirmative defense to the Amended Complaint and each purported cause of action contained therein, the County Defendants allege that Plaintiffs' claims, if any, are barred for their failure, and/or the failure of the persons and/or entities acting on their behalf, to mitigate any purported damages.

**NINTH AFFIRMATIVE DEFENSE**

**(Intervening and Superseding Cause)**

9.     As a separate and ninth affirmative defense to the Amended Complaint and each purported cause of action contained therein, the County Defendants allege that if Plaintiffs suffered or sustained any loss, damage or injury as alleged in the Amended Complaint, which the County Defendants deny, such loss, damage or injury was legally caused or contributed to by the negligence or wrongful conduct of other parties, persons or entities, and that their negligence or wrongful conduct was an intervening and superseding cause of the loss, damage or injury of which Plaintiffs complain.

/ / /

/ / /

/ / /

/ / /

## TENTH AFFIRMATIVE DEFENSE

### (Justification/Excuse)

10.      As a separate and tenth affirmative defense to the Amended Complaint and each purported cause of action contained therein, the County Defendants allege that by virtue of the acts of the Plaintiffs, and/or the persons and/or entities acting on their behalf, Plaintiffs are barred from prosecuting the purported causes of action set forth in the Amended Complaint because the acts and/or omissions alleged in the Amended Complaint were justified and/or excused.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

11.      As a separate and eleventh affirmative defense to the Amended Complaint and each purported cause of action contained therein, the County Defendants allege that Plaintiffs have not been injured or damaged as a proximate result of any act or omission for which the County Defendants are responsible.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Malicious Intent)

12.      As a separate and twelfth affirmative defense to the Amended Complaint and each purported cause of action contained therein, the County Defendants allege that they did not act with malicious intent to deprive any person of any Constitutional right or to cause any other injury and therefore are not liable.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not Liable for Act or Omission of Subordinate)

13.      As a separate and thirteenth affirmative defense to the Amended Complaint and each purported cause of action contained therein, the County Defendants allege that insofar as the County Defendants have delegated any duty to any subordinate, such delegation was at all times done in good faith, and with due care.  The County Defendants are therefore not liable for any act or omission of any subordinate.

/ / /

/ / /

1    WHEREFORE, County Defendants pray for judgment as follows:

2    1.    That the Amended Complaint be dismissed, with prejudice and in its entirety;

3    2.    That Plaintiffs take nothing by reason of the Amended Complaint and that

4    judgment be entered against Plaintiffs and in favor of the County Defendants;

5    3.    That the County Defendants be awarded their costs incurred in defending this

6    action; and

7    4.    That the County Defendants be granted such other and further relief as the Court

8    may deem just and proper.

9

10    DATED:  January 24, 2024                    MEYERS NAVE

11

12                                                          By:  _____/s/  David Mehretu_____

13                                                                 DEBORAH J. FOX
                                                                   DAVID MEHRETU
14                                                                 CATHERINE L. CARLISLE
                                                                   Attorneys for Defendants
15                                                                 NEVADA COUNTY and KATHARINE
                                                                   ELLIOTT
16

17    / / /

18    / / /

19    / / /

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28

1

**JURY DEMAND**

2        The County Defendants demand a trial by jury.

3

4   DATED:  January 24, 2024                MEYERS NAVE

5

6                                    By:        /s/  David Mehretu
7                                         DEBORAH J. FOX
                                          DAVID MEHRETU
8                                         CATHERINE L. CARLISLE
                                          Attorneys for Defendants
9                                         NEVADA COUNTY and KATHARINE
                                          ELLIOTT
10

11
     5582945
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NEVADA COUNTY DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT