UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tuck's Restaurant and Bar, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>Nevada County, et al.,<br><br>    Defendants. | No. 2:20-cv-02256-KJM-CKD<br><br>ORDER |

Plaintiffs, two Nevada County restaurants, their owners and a Nevada County restaurant coalition, allege defendants Nevada County and its County Counsel, Katharine Elliott, retaliated against them for voicing opposition to COVID-era closure orders and related enforcement efforts. Defendants move for summary judgment. As explained in this order, plaintiffs have expressly abandoned their original theory of defendants' liability. Permitting them to advance a new legal theory and new arguments at this late stage of the case would cause undue delay and prejudice the defense. For these reasons, the court **grants defendants' motion for summary judgment**.

**I.   BACKGROUND**

In early 2020, California Governor Gavin Newsom declared a state of emergency due to the health crisis caused by the spread of SARS-CoV-2, the virus that causes COVID-19. Compl. ¶ 11, ECF No. 39; St.'s Req. Jud. Not. ("St.'s RJN") Ex. 1, ECF No. 12. The State of California and Nevada County issued directives restricting public activities to curb the spread of the virus.

1

Compl. ¶¶ 11–30; *see e.g.*, St.'s RJN Ex. 4; Cnty.'s Req. Jud. Not. ("Cnty.'s RJN") Ex. B, ECF No. 10-1. As a result of these directives, Nevada County issued warnings, fines and closure orders, including to plaintiff restaurants. Compl. ¶¶ 25–37; *see, e.g.*, Cnty.'s RJN Ex. F; Cnty.'s RJN Ex. G. Plaintiffs allege defendants retaliated against them because plaintiffs spoke out in opposition to the enforcement actions and helped form a coalition of local restaurants to oppose the enforcement actions. Compl. ¶¶ 8, 34–36, 40–41. Specifically, plaintiff Old Town Café "asked patrons, family, and friends to write to the County Defendants to express opposition to the shutdown of local restaurants." *Id.* ¶ 33.

Plaintiffs allege during an August 2020 meeting, defendant Kathrine Elliott, the county counsel, "refus[ed] to negotiate fines" and "stated that as a condition to reinstituting the operating permits of, and reducing the fines imposed on [plaintiffs], plaintiffs were 'to behave' and stop asking people to write letters to county and local officials." *Id.* ¶¶ 35–37, 40–41. These statements are the only adverse action plaintiffs allege in their complaint. However, in their opposition to defendants' motion for summary judgment, plaintiffs argue the statements at the August 2020 meeting were "not an actionable adverse state action" and instead were "evidence of causation." Opp'n at 4, ECF No. 67. Contrary to their complaint, plaintiffs now argue the retaliatory actions at issue were earlier "initial enforcement actions" and two "suspensions of their Food Permits," which they received several months after the August 2020 meeting. *Id.* at 3, 5–6; Tuck's Jan. Letter, Opp'n Ex. 1, ECF 67-1; Old Town Café Jan. Letter, Opp'n Ex. 2, ECF 67-1. Plaintiffs' complaint does not mention these later letters and does not identify the "initial enforcement actions" as the adverse action at issue. The chronological statement of facts in the complaint culminates with descriptions of the August 2020 meeting, and expressly identifies the August 2020 meeting as the "retaliation" that "coerce[d]" them "to forego the exercise of their First Amendment rights[.]" Compl. ¶¶ 35–37.

The court previously dismissed all but one of plaintiffs' claims. *See* Mot. Dismiss Order, ECF No. 37. Plaintiffs' remaining claim alleges a First Amendment violation under 42 U.S.C. § 1983. *See* First Am. Compl. ¶¶ 38–45. Defendants' motion for summary judgment is fully briefed. Mot., ECF No. 66; Opp'n; Reply, ECF No. 68. Plaintiffs did not respond to defendants'

2

1 statement of undisputed facts. *See generally* Opp'n; Defs.' UMF, ECF No. 66-1. The court does not deem those facts undisputed for that reason alone. When determining whether certain facts are disputed, in the interest of resolving this matter on the merits, the court has considered plaintiffs' opposition arguments. *See generally id.* The court does, however, remind the parties of the importance of complying with the Local Rules. Failure to comply in the future could lead to sanctions.

The court held a hearing on the pending motion on January 26, 2024. Hr'g, ECF No. 71. Robert Williams appeared for plaintiffs and David Mehretu appeared for defendants.

## II.    LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* The parties must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1). The court then views the record in the light most favorable to the nonmoving party and draws reasonable inferences in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

## III.    ANALYSIS

"The First Amendment forbids government officials from retaliating against individuals for speaking out." *Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010) (citing *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). To prevail on a claim for retaliation in violation of the First Amendment under § 1983, plaintiffs must ultimately establish: (1) they engaged in constitutionally protected activity; (2) defendants subjected plaintiffs to adverse action that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir.

2016) (citation omitted).  Defendants argue they are entitled to summary judgment because plaintiffs raise no triable issue of material fact on the third element, causation.  *See* Mot. at 19–23.

        The court begins with a critical difference between plaintiffs' complaint and their opposition to defendants' motion.  In their opposition, plaintiffs disavow the adverse action they allege is the basis for their First Amendment retaliation claim in the complaint.  *See* Opp'n at 3–4; *see also* Reply at 10–11 (highlighting the issues posed by plaintiffs' differing positions regarding the alleged adverse action).  In the complaint, plaintiffs allege at the August 2020 meeting, defendants "retaliated against plaintiffs for the exercise of their rights to free speech, lawful assembly, and to petition the government for a redress of grievances," when defendants threatened closures and fines and "refus[ed] to negotiate reductions in fines imposed on [plaintiffs] unless plaintiffs cease[d] activities protected by the First Amendment."  Compl. ¶¶ 40–41.  As explained above, plaintiffs have changed course in their opposition to summary judgment, arguing the County's statements at the August 2020 meeting are "not actionable adverse state action" and are instead "evidence of causation" of the new adverse actions they argue in the opposition: the "initial enforcement actions" and the two January 2021 letters of "pending" suspension.  Opp'n at 3–4.  At hearing, plaintiffs initially wavered between the two stances but ultimately committed to their argument in the opposition.  Because plaintiffs have expressly disavowed their intent to prove the County's statements at the August 2020 meeting were an "adverse action," plaintiffs cannot succeed on their First Amendment retaliation claim on that basis.  *See Reynoso v. Giurbino*, 462 F.3d 1099, 1110 (9th Cir. 2006) (a party's concession to a district court is binding).

        While plaintiffs now rely on the "initial enforcement actions" and the January 2021 letters as the "adverse actions," Opp'n at 3–6, they did not allege these incidents were adverse actions in the complaint, as noted above, *see generally* Compl.  If "the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court."  *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (en banc) (citation omitted).  Moreover, "[t]he necessary factual averments are required with respect to each material element of the underlying legal theory. . . .

4

1   Simply put, summary judgment is not a procedural second chance to flesh out inadequate
2   pleadings." *Wasco Prod., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006)
3   (citation omitted).

4       The district and circuit courts' decisions in *Navarro v. Menzies Aviation, Inc.* show how
5   this rule works in practice in a case like this one. *See generally* No. 21-15355, 2022 WL 1537034
6   (9th Cir. 2022), *aff'g* 517 F. Supp. 3d 919 (N.D. Cal. 2021). The Circuit affirmed the district
7   court in its decision to grant summary judgment for defendants, and also not to consider a new
8   argument plaintiff raised for the first time in opposition to summary judgment and not to reopen
9   discovery for an investigation into that new argument. *See id.* at *1. The district court found a
10  "sharp pivot so late in the litigation" would be unfair because defendants were "not on notice
11  until after the close of discovery, and thus had no opportunity to explore [the new arguments] in
12  discovery or investigate them internally." 517 F. Supp. 3d at 920–21. In support of its initial
13  decision, the lower court had observed that two years had passed since the adverse action the
14  plaintiff belatedly attempted to rely on and the "principles of fair notice" on which the adversarial
15  system is built "would be meaningless if [the plaintiff] and his lawyers were permitted to
16  circumvent them." *Id.* at 921. Furthermore, plaintiffs had not established good cause to justify
17  reopening discovery. *Id.*

18      This case is analogous to *Navarro*. As did the plaintiffs in that case, plaintiffs here made
19  materially different new arguments at summary judgment and discovery is now closed. Even
20  more time—three years here, as compared to two in *Navarro*—has passed since the adverse
21  actions on which plaintiffs now rely occurred. *Cf.* Compl. ¶¶ 3, 5–6, *with* Opp'n. As in *Navarro*,
22  permitting plaintiffs to change theories so late in the case would permit a circumvention of the
23  "principles of fair notice." 517 F. Supp. 3d at 921.

24      The court would reach the same conclusion if, in the alternative, it considered plaintiffs'
25  new arguments and theory as an implicit request for leave to amend their complaint, although
26  plaintiffs have not made such a request expressly. *See* Scheduling Order, ECF No. 49; *see also*
27  *Aguirre v. Ducart*, No. 21-15269, 2022 WL 3010169, at *1 (9th Cir. 2022) (affirming district
28  court decision not to construe plaintiff's new arguments at summary judgment as request for

5

leave to amend where there was no "showing of good cause"). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citation and marks omitted). These factors weigh against allowing amendment in this case. The court assigns the greatest weight to undue delay: as noted, the most recent of the newly argued adverse actions was three years ago, and plaintiffs provide no explanation for their delay in presenting their new theory of retaliation. *See* Opp'n; Tuck's Jan. Letter; Old Town Café Jan. Letter. Next is prejudice: discovery is closed, and defendants have not had a chance to investigate plaintiffs' new theory of "adverse action." Defendants relied on the complaint in conducting discovery and bringing their motion for summary judgment, which accepts the August 2020 meeting as the adverse action. *See generally* Mot.; Compl. ¶¶ 35–37. The limited response defendants were able to provide in their reply to the specific issue of the newly argued adverse actions is not sufficient to mitigate potential prejudice, particularly when defendants have not been able to conduct discovery on the matter. *See* Reply at 10–11. Previously, plaintiffs had a chance to amend their complaint following the court's ruling on a motion to dismiss. *See generally* Mot. Dismiss Order at 25–26. While the court discerns no bad faith in plaintiffs' actions, neither have they provided a good-faith explanation for their late-stage shift. *See generally* Opp'n. Other courts have not permitted amendment in similar circumstances. *See Yellowstone Women's First Step House, Inc. v. City of Costa Mesa*, No. 19-56410, 2021 WL 4077001, at *1 (9th Cir. Sept. 8, 2021) (affirming district court's grant of summary judgment where plaintiff asserted new arguments in opposition to defendant's motion for summary judgment and where leave to amend would have been futile under relevant factors analysis); *Ray v. State Farm Mut. Auto. Ins. Co.*, No. 20-55989, 2021 WL 4902357, at *1–2 (9th Cir. Oct. 21, 2021) (same). Neither have plaintiffs shown good cause for reopening discovery. *Cf. Desertrain*, 754 F.3d at 1154–55 (finding district court erred by not granting leave to amend where plaintiffs only discovered new arguments at end of discovery).

In sum, plaintiffs have expressly abandoned their allegation defendants retaliated against them in the August 2020 meeting, and the court declines to accommodate their belated pivot to a new theory of retaliation. Defendants are entitled to summary judgment as a matter of because of this abandonment. The court need not and does not consider whether defendant Elliott is entitled to qualified immunity, *see* Mot. at 23–25; Reply at 12–13, whether the County had an unconstitutional policy or practice, *see* Mot. at 25–26; Reply at 14–15, or whether plaintiffs' requests for prospective, equitable relief are moot, *see* Mot. at 26–27; Reply at 15.

**IV.   CONCLUSION**

The court **grants** defendants' motion for summary judgment. This order resolves ECF No. 66. The Clerk of Court is directed to enter judgment in favor of defendants and close the case.

IT IS SO ORDERED.

DATED: September 10, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE